GEORGE H. LOW *vs.* JUSTIN HOWARD.

Want of demand and notice on a promissory note is not·waived by an indorser, by his subsequent promise to pay, made in ignorance of facts material to a full under-standing of his rights and obligations, although he then knows that payment was not demanded of the maker.

ASSUMPSIT on a promissory note made by E. W. Fuller and Alfred Chaffin, for forty-five dollars, dated the 22d day of September, 1849, payable to Justin Howard, or his order, four months from date, and by him indorsed to the plaintiff.

It was admitted upon the trial, in the court of common pleas, before *Merrick*, J. that no demand of payment was made upon the makers at the time of the maturity of the note, and no notice was given to the defendant of its dishonor.    But the plaintiff relied upon subsequent promises of the defendant to pay the note, he having at the time of such promises full knowledge that no such demand had been made, and no such notice given.

The plaintiff called L. A. Maynard, Esq. as a witness, who testified among other things, that as the attorney of the plaintiff, he received this note of said Howard, within a short time after its date, in payment of a demand against him, which had been left with the witness for collection ; that at the time he, Maynard, received the note of the defendant, he said to him that he had no confidence in the ability of Fuller to pay it, and should look to him, said Howard, for the pay-ment ; that it was thereupon mentioned in the conversation

between them, that Fuller was, or had been in the employment of Barbour and Chaffin, and that perhaps the note might be collected of Fuller through them; that afterwards in consequence of said conversation, he, the said Maynard, went to Barbour, one of the firm of Barbour and Chaffin, and proposed to leave said note with them in order to obtain payment out of what they might be owing to Fuller; that thereupon Barbour wrote and delivered to him, Maynard, a note for the same amount, and payable at about the same time, signed by Barbour and Chaffin, and payable to said L. A. Maynard; that he at first declined taking the note of Barbour and Chaffin, and desired instead thereof a receipt for the note of said Fuller; but upon the suggestion of Barbour that their note might be held for a receipt, he received it to hold for that purpose; that he did nothing further in relation to the business, until some days after the note of Fuller became due; that he then called on Chaffin, one of the firm, for the note, and offered to surrender their note; that Chaffin agreed to get the note and make the exchange; that in a few days after that, Chaffin produced the note but with his name erased; that he, Maynard, refused to take it unless Chaffin would again put his name upon it so that it might stand as it did when it was left with Barbour and Chaffin; that Chaffin consented to do so, and wrote his name again on the note, and the two notes were then exchanged; that soon after he obtained the note, he called on the defendant and informed him that he could get nothing of Barbour and Chaffin, and requested payment of him; that the defendant then promised to pay it; that in about two weeks afterwards he called on the defendant again, and he again promised to pay it, saying he had bills which he would collect immediately and make the payment; that several times afterwards he called on defendant, and as often as he called the defendant promised to pay the note; the last time when such promise was made was in the month of May, 1850; but some time after that, defendant upon being called on again, refused to pay, and said the plaintiff might commence a suit if he pleased, and this suit was immediately commenced.

It was admitted that Barbour and Chaffin were in good credit until the 10th of December, at which time they stopped payment, and subsequently settled with their creditors by paying them sixty per cent. of their respective debts.

E. W. Fuller, the maker of the note, was called as a witness by the defendant, and testified that he was in the employment of Barbour and Chaffin during the summer and autumn of 1849, at wages of ten or eleven dollars per week, and left them in October of the same year, and that they then owed him sixty or seventy dollars; that he called upon them for a settlement in November; that Barbour then told him he had taken this note, and showed it to him; that he then consented, and it was agreed that the note should be charged to him; but that no settlement was then or has since been made, and he did not know whether the note was in fact charged to him or not, but that he had never been called upon by any one to pay this note.

The defendant also called Alfred Chaffin, who testified that their firm were owing said Fuller between sixty and seventy dollars when he left their employment in the autumn of 1849, but that no settlement had been made between them; that he first saw this note on his desk in their counting-room, and that in consequence of what his partner Barbour said to him in relation thereto, he erased his name from the note, and placed it on their files, where it remained until the latter part of the following winter, and he thought until the month of March, 1850; that about that time Maynard met him in the street, and requested him to bring that note to said Maynard; that this was repeated several times, and he agreed he would do so, and finally did take the note to Maynard; that Maynard then desired him to put his name again upon the note, because he, Maynard, had got to pay the amount of it to the party for whom he received it, if no one else paid it; that he Chaffin, refused to put his name on the note unless Maynard would give him a written indemnity; but finally did so upon the verbal engagement of Maynard that he, Chaffin, should have no trouble about it, and never be called on for payment of the note.

14*

The plaintiff contended that the defendant by his promises to pay the note, he having full knowledge that no demand of payment had been made on the makers at its maturity, and that no notice of its dishonor had been given to the defendant, waived his right thereto, and made himself absolutely and unconditionally liable to pay the same, and requested the judge so to instruct the jury. But the presiding judge having in view the foregoing testimony, and in reference thereto instructed them that though it was generally true that a promise by an indorser to pay the note, when there had been no demand and no notice of its dishonor, would be held to be a waiver thereof if these facts were known to him, yet the rule would not apply to a case where other material circumstances existed, the knowledge of which were essential to a full understanding of his rights and obligations ; and that in the present case if Maynard when he called on the defendant did not inform him of the facts in relation to said note, including therein the facts testified of by Fuller and Chaffin, and if the defendant was unacquainted therewith, and ignorant thereof, his promises to pay the note did not operate as a waiver, and make him unconditionally and absolutely liable to pay it. And it was left to the jury to be determined by them whether the facts testified by Chaffin and Fuller were true, and whether the defendant when he made such promises, was ignorant thereof, and whether those facts were material to enable the defendant to form a true and just estimate of his rights and obligations.

A verdict was returned for the defendant, and the plaintiff, excepted to said rulings and instructions.

*R. Newton & J. Mason*, for the plaintiff.

*F. H. Dewey & W. R. Hooper*, for the defendant.

Shaw, C. J. This is a suit by an indorsee against an indorser of a small promissory note. The plaintiff not having presented the note to the promisor when due, nor given any notice to the indorser, relied on a waiver by an after promise to pay, with notice that no demand had been made or notice given. We think the directions were right. The legal foundation of the doctrine of waiver is, that a party knowing his

rights, voluntarily consents to forego them, and not insist on them. Knowledge of all the material facts on which those rights depend, is essential to a valid waiver. The legal liability of an indorser is conditional on demand and notice. But the condition is one made for his benefit, and therefore he may waive it. If he is satisfied that demand and notice would be of no benefit to him, it is quite natural that he should waive them. In general, if he knows there has been no demand and notice, and yet promises to pay, it is strong evidence of waiver. But if there be other facts which might tend to influence his judgment, known to the holder, but not to the indorser, then his promise to pay is not conclusive evidence. Here then were facts alleged to be material, and if true were so, and they were left to the jury, with proper directions, who found a verdict for the defendant, and therefore affirmed the truth of the facts. *Exceptions overruled.*